FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN R. JAMES, JR.,

    Defendant - Appellant.

No. 23-3271
(D.C. No. 6:22-CR-10093-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Stephen R. James, Jr., pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), while reserving his right to appeal the district court's denial of his motion to suppress evidence seized after police stopped the car he was driving for a violation of a Kansas statute requiring license plates to be "maintained . . . in a condition to be clearly legible."

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kan. Stat. Ann. § 8-133(c).  He now appeals that ruling.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

The evidence at the suppression hearing showed that the registration tag on James's vehicle was not legible 50 feet from the rear of the car—the distance one officer testified was a safe following distance—but was legible from five feet away. James argued that because the tag was legible to the officers as soon as they stopped the car, § 8-133(c) was satisfied.  The district court rejected that argument, ruling that the statute requires vehicle registration tags to be "clearly legible to a law enforcement officer following a safe distance behind the vehicle."  R., vol. I at 53 (internal quotation marks omitted).  It therefore upheld the traffic stop and denied the motion to suppress the inculpatory evidence found after the stop. James then entered a conditional guilty plea, reserving the right to appeal the suppression ruling.

## Discussion

On appeal James does not challenge the district court's interpretation of Kan. Stat. Ann. § 8-133(c).  Instead, he argues that the court should have sua sponte

abstained under the *Pullman* doctrine[1] or certified to the Kansas Supreme Court[2] the question of the meaning of *clearly legible* before ruling on his motion to suppress.

James acknowledges that he did not ask the district court to abstain or to certify a question to the Kansas Supreme Court. He also acknowledges that we typically review unpreserved claims for plain error, and he concedes that "his claim does not survive plain error review." Reply Br. at 2; *see* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. McFadden*, No. 23-1089, 2024 WL 3998904, at *18 (10th Cir. Aug. 30, 2024) (explaining that to prevail on unpreserved claim, appellant must "establish (1) an error (2) that is plain (3) that affected his substantial rights and (4) that undermined the fairness, integrity, and public reputation of the judicial proceeding").

James argues, however, that plain-error review cannot apply to his claim that the district court should have acted sua sponte in abstaining on the statutory-

---

[1] Under the *Pullman* doctrine a federal district court may decline to exercise or postpone the exercise of its jurisdiction in deference to state-court resolution of an underlying issue of state law. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-01 (1941). It applies "when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided," and a state court's clarification of state law might obviate the need for a federal court to rule on a constitutional issue, *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984).

[2] *See* Kan. Stat. Ann. § 60–3201 ("The Kansas supreme court may answer questions of law certified to it by . . . a United States district court" when "it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of [Kansas].").

interpretation issue or certifying it to the Kansas Supreme Court. There is some logic to that argument: if he had raised the abstention or certification issues below, there would have been nothing for the district court to do sua sponte. But the argument has no merit. We are aware of no authority requiring a district court to sua sponte invoke *Pullman* or certification just because there is an underlying question of state law that has not been definitively resolved by that State's highest court. Federal district courts commonly decide such issues of state law. The state-law issue in this case is one of the easier issues that might come before a federal court. We think it significant that James does not present any argument on appeal that the district court got the state law wrong. There was no reason that would require that court to abstain or to certify the issue.

Given our disposition of this appeal, we need not address the parties' arguments about whether James waived review altogether by making arguments in district court that are fundamentally inconsistent with his claims on appeal or waived his unpreserved argument by not arguing plain error in his opening brief.

## **Conclusion**

We affirm the district court's denial of James's motion to suppress.

Entered for the Court

Harris L Hartz
Circuit Judge